IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER WANAMAKER,           )
                                 )
        Plaintiff,                )
                                 )
                                 )    CIV-14-12-R
v.                               )
                                 )
SGT JAY CHAFFIM,                 )
                                 )
        Defendants.               )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a § 1983 claim upon which relief may be granted.

I. Background

In his Amended Civil Rights Complaint filed February 27, 2014 (Doc. # 12), Plaintiff states that he is an Oklahoma prisoner currently confined at the Oklahoma State Reformatory ("OSR") in Granite, Oklahoma. His claim, however, relates to his previous confinement at

---

[1] A previous Report and Recommendation ("R and R") recommended that the action be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a plausible §1983 claim for relief. However, after the Plaintiff filed an Amended Complaint but no objection, the previous R and R was vacated by Order of United States District Judge Russell. In light of the vacation of the previous R and R, this is not a supplemental R and R, although it is the second R and R entered in this matter.

1

the William S. Key Correctional Center ("WSKCC") in Fort Supply, Oklahoma. As Defendants, Plaintiff has named WSKCC Sgt. Jay Chaffim, "Officer John Doe," "WSKCC C-Unit Officer," and "Property Officer of WSKCC." He alleges that all four Defendants are employed by the Oklahoma Department of Corrections ("ODOC") as "security staff" members at WSKCC and that he is suing each Defendant only in his or her individual capacity.

As Plaintiff's sole ground for § 1983 relief, Plaintiff alleges that he was deprived of personal property without due process in violation of the Fifth and Fourteenth Amendments. The factual basis for the claim is set forth in the Amended Complaint:

> While an inmate at WSKCC, I purchased a television (6/19/2012), remote control (6/27/2012) and MP3 Player (11/18/2011). On February 15, 2013, in the afternoon, I was taken to Special Housing Unit (SHU) by Sgt. Jay Chaffim. Sgt. Chaffim did not secure my property or allow me to secure my property prior to taking me to SHU. Defendants Officer John Doe [and] WSKCC C-Unit Officer were responsible for packing all of my belongings in my cubicle and then sending them to the Property Office of WSKCC. About 8:00PM that same evening I was transferred from SHU at WSKCC to [OSR]. WSKCC Property Officer was responsible for ensuring all of my property was transported to my new facility, [OSR]. However, when I was issued my property bag by [OSR] on February 16, 2013, I discovered that my television, remote control and MP3 player were missing due to the negligence or malicious disregard of the aforementioned WSKCC staff.

Amended Complaint, at 2-3. For this alleged procedural due process deprivation, Plaintiff seeks $396.63 in monetary damages and punitive damages.

I. Statutory Screening of Prisoner Complaints

District courts must review complaints filed by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss any claim or claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A(b), 1915(e)(2)(B).

In conducting this review, the court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Procedural Due Process Deprivation and Post-Deprivation Remedy

No "due process violation occurs when a state employee negligently deprives an individual of property, so long as the state provides an adequate post-deprivation remedy."

3

Wolfenbarger v. Williams, 774 F.2d 358, 363 (10th Cir. 1985)(explaining Supreme Court's holding in Parratt v. Taylor, 451 U.S. 527 (1981)). Likewise, there is no due process deprivation when a state employee intentionally deprives an individual of property in a random, unauthorized act. See Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Generously construing the *pro se* allegations in Plaintiff's Amended Complaint, Plaintiff does not allege that any Defendant took any specific action to deprive Plaintiff of his personal property. Rather, he alleges that they failed to follow the necessary steps to secure his property after he was placed in the prison's restrictive housing unit and then transferred to another prison. Hence, the allegations in the Amended Complaint support only an inference of negligent behavior by the Defendants.

Moreover, even assuming that Plaintiff has alleged in the Amended Complaint that one or more of the Defendants intentionally deprived him of his personal property, Plaintiff has not alleged that an established state procedure, or anything other than a random, unauthorized act by a state employee, was the culprit behind his alleged personal property loss. Further, Plaintiff has not shown that ODOC's well-established grievance procedure,[2] which he admittedly participated in, or other state-created remedies were unavailable or an insufficient post-deprivation remedy. See Peterson v. Lampert, 499 Fed.Appx. 782, 785, 785 n. 2 (10th Cir. 2012)(unpublished op.)(holding prison's grievance process was sufficient post-

---

[2] See Thomas v. Parker, 609 F.3d 1114, 1117 (10th Cir. 2010)("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority."); Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010)(describing ODOC's "four-step process for administrative exhaustion of prisoner claims").

4

deprivation remedy for personal property loss due to unauthorized act of state employee and prisoner had further post-deprivation remedy in form of replevin action based on contract under Oklahoma law); Allen v. Reynolds, 475 Fed.Appx. 280, 283 (10th Cir. 2012)(unpublished op.)(affirming district court's finding that prisoner failed to state § 1983 claim against prison official for deprivation of property without due process and noting that prisoner's "argument on appeal that he gained no relief through the grievance process is insufficient to show that the process was unavailable or inadequate to him"); Buchanan v. Oklahoma, 398 Fed.Appx. 339, 342 (10th Cir. 2010)(unpublished op.)(holding "unauthorized deprivations of a prisoner's property do not violate due process where state post-deprivation remedies are available, and Oklahoma law provides such remedies)(citing Hudson, supra; Okla. Stat. tit. 12, §§ 1571-71.1 (replevin), and Okla. Stat. tit. 51, §§ 151-171 (Governmental Tort Claims Act)).[3]

Accordingly, Plaintiff has not stated a plausible § 1983 claim upon which relief may be granted in his Amended Complaint, and the cause of action should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) on this basis.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(20(B) for

---

[3] Even though the Oklahoma Governmental Tort Claims Act ("OGTCA"), which "applies to the tort claims aspects of [an Oklahoma prisoner's] statutory replevin remedy . . . provides immunity," the OGTCA "does not apply to contract matters and, therefore, does not apply to the contract aspect of [an Oklahoma prisoner's] statutory replevin remedy." Gipson v. Copeland, 13 P.3d 989, 992 (Okla. Civ. App. 2000).

5

failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by     March 31st         , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   10th   day of   March  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE